## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TERRELL ANTWOIN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX,<br><br>Defendant. | Case No. |

## DEFENDANT EQUIFAX'S NOTICE OF REMOVAL

Defendant Equifax Information Services LLC, incorrectly identified as Equifax ("Equifax"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this case from the Magistrate Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of its Notice of Removal, Equifax states as follows:

## BACKGROUND AND TIMELINESS

1. On July 25, 2024, Terrell Antwoin Williams ("Plaintiff") commenced a civil action against Equifax Inc. by filing a Statement of Claim ("Statement") in the Magistrate Court of Gwinnett County, Georgia, entitled *Terrell Antwoin Williams v. Equifax*, Case No. 24-M-18728.

2. Equifax was served with the Plaintiff's Statement on August 2, 2024. True and correct copies of the Statement, together with all process, pleadings, and orders served upon or by Equifax are attached as **Exhibit A**. These documents

constitute all "process, pleadings, and orders" served upon Equifax in the state court action as required by 28 U.S.C. § 1446(a).

3.  This Notice of Removal is timely, as Equifax has filed this Notice of Removal within thirty days of service. *See* 28 U.S.C. § 1446(b).

4.  Equifax is the only defendant in this matter.

## THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION

5.  In his Statement, Plaintiff seeks to bring a claims arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff seeks relief in the form of compensatory and punitive damages. (*See* Exhibit A, Petition.)

6.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

7.  This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is because, liberally construed, Plaintiff's *pro se* Statement alleges that Equifax violated the FCRA, which is a federal law. *Id.*

8. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## VENUE AND NOTICE TO STATE COURT

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Magistrate Court of Gwinnett County, Georgia, for purposes of removal, venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Equifax Inc., therefore, removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

10. Promptly upon the filing of this Notice of Removal, Equifax shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the Magistrate Court of Gwinnett County, Georgia, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

11. Equifax submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

12. Should Plaintiff seek to remand this case to state court, Equifax respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Equifax asks that the Court retain jurisdiction and allow Equifax to file a motion asking this Court to certify any remand order for interlocutory review by the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

13. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to Plaintiff's FCRA claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

14. In filing this Notice of Removal, Equifax does not waive any, and specifically reserves all, defenses, exceptions, rights and motions. No statement or omission in this Notice shall be deemed an admission of any allegation of or damages sought in the Petition.

WHEREFORE, Equifax submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Northern District of Georgia, Atlanta Division. Equifax also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  September 3, 2024        Respectfully submitted,

By: */s/ Eric Barton*
Eric Barton
ebarton@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorney for Defendant*
*Equifax Information Services LLC,*
*incorrectly identified as Equifax*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I presented the foregoing DEFENDANT EQUIFAX'S NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A service copy has also been sent via U.S. Mail to the address below:

>Terrell Antwoin Williams, *pro se*
>75 Rockwood Rd.
>Franklinton, NC  27525

>*/s/ Eric Barton*
>Eric Barton
>*Attorney for Defendant*
>*Equifax Information Services LLC,*
>*incorrectly identified as Equifax*